UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HAZAN SPORTS MANAGEMENT GROUP INC.,

                                  Plaintiff,           **COMPLAINT**

      -against-                                             Case No.

MALIK BEASLEY,

                                  Defendant.
------------------------------------------------------------------------X

Plaintiff, Hazan Sports Management Group Inc., through its attorney Daniel Marcus, Esq., as and for its complaint herein, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. The Plaintiff, Hazan Sports Management Group, Inc., ("HSM") a boutique New York-based professional basketball agency, elected to take a chance and make a substantial investment of time, effort, and resources in a player with known issues (including and especially financial issues) in the form of now Detroit Pistons Shooting Guard, Malik Beasley, when they took him on as a client and provided him with a substantial marketing advance in anticipation of helping Beasley become one of the premier players at his position.

2. Beasley formally became a client of HSM on or about November 27, 2023, when he entered into the Standard Player Agent Contract ("SPAC") which governs the relationship between a player and agent with respect to the player's on court activities – and a separate agreement entitled "Player Marketing Agreement" (the "Marketing Agreement") which appointed HSM as Beasley's exclusive marketing agent for an initial term of four (4) years.

3. In spite of single-handedly resuscitating Beasley's career by securing him a one-year contract with the Detroit Pistons, which provided the opportunity for Beasley to have one of the best statistical years of his NBA career, Beasley fired HSM as his on the court agent while

simultaneously breaching the exclusivity provisions of the Marketing Agreement by engaging Brian Jungreis of Seros Partners to serve as his marketing agent.

4. The Marketing Agreement contains a liquidated damages clause in favor of HSM in the amount of $1,000,000 (one million USD) plus any applicable commissions owed or expenses advanced on behalf of Beasley during the course of HSM's representation of Beasley.

5. The Plaintiff seeks the remedies/relief requested herein stemming from Beasley's breach of the Marketing Agreement.

## JURSIDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in the Southern District of New York under 28 U.S.C. §§ 1391(b)(2) or (3) (2) it is the Judicial District in which a substantial part of the events or omissions giving rise to the claim occurred, or, if not, if there is no district in which an action may otherwise be brought and the Defendant is subject to this Court's *in personam* jurisdiction.

## THE PARTIES

8. Plaintiff Hazan Sports Management Group Inc. ("HSM") is a corporation organized and existing under and by virtue of the laws of the State of New York and maintains its principal offices at 1775 York Ave, 11d, New York, NY 10128.

9. Defendant Malik Beasley ("Beasley") is a natural person who, upon information and belief, maintains his primary residence in the State of Michigan. Beasley is a professional basketball player, currently playing for/employed by the Detroit Pistons of the National Basketball Association ("NBA").

# THE FACTS

10. On or about November 27, 2023, Beasley entered into both a SPAC and the Marketing Agreement with HSM, which appointed HSM as Beasley's exclusive marketing agent in charge of commercially exploiting/monetizing Beasley's name, image, and likeness for an initial term of four (4) years, providing for a formal expiration date of November 27, 2027.

11. With the expectation that upon the turn around of Beasley's career (aided in large part by HSM) would make Beasley's marketing rights extremely valuable and generate significant commissions for HSM, HSM provided Beasley with a cash advance against future marketing revenue from his name, image, and likeness in the amount of $650,000 (six hundred fifty thousand USD), (the "Marketing Advance").

12. Section 1(a) of the Marketing Agreement reads as follows:

> *Commencing as of the Effective Date, Player hereby appoints Marketing Agent as Player's **sole and exclusive representative for the marketing or representation for any use of his attributes, including, but not limited to, his name, image, likeness, signature, voice, character and for personal appearances (collectively "Rights of Publicity") throughout the world.** Player agrees to provide Marketing Agent with a non-exclusive, sublicensable, royalty-free, paid-in-full license to Player's Rights of Publicity to make use of in connection with Marketing Agent's representation of Player. Marketing Agent shall be the sole and exclusive party authorized to develop, negotiate, organize and administer any and all income-producing activities available to Player for use of his Rights of Publicity, including but not limited, to licensing, endorsements, personal appearances, television, film, modeling and fashion, literary and musical activities, special events, multi-media and social media (hereinafter "Marketing Activities").*

13. Section 2 of the Marketing Agreement reads in relevant part as follows:

> *Notwithstanding the foregoing, Player acknowledges and accepts that if this Agreement is terminated for any reason (a "Termination Event") Player shall be required to pay the Marketing Agent liquidated damages **in the amount of $1,000,000 (one million USD) (the "Liquidated Damages Amount")** along with any marketing fees due and payable under this Agreement to the Marketing Agent within thirty (30) days of such Termination Event without reduction for any taxes withheld by the Marketing Agent upon its payment to Player of the Marketing Advance. The Parties agree that the Liquidated Damages Amount is fair and acceptable in light of the amount of the Marketing Advance and the risk assumed by Marketing Agent with respect to the Marketing Advance.*

14. Following the execution of the SPAC and the Marketing Agreement, HSM undertook their best efforts to revive Beasley's career both on and off the court, which culminated in HSM securing a one-year contract with the Detroit Pistons worth a guaranteed $6,000,000 (six million USD) – more than double his previous year's salary of $2,709,849 when he was a member of the Milwaukee Bucks.

15. Unbeknownst to HSM, in late 2024/early 2025, Beasley began courting other agents to represent his interests both on and off the court in clear violation of the exclusivity provisions of the Marketing Agreement.

16. HSM continued to diligently represent Beasley's interests both on and off the court until Beasley elected to abruptly terminate HSM on February 26th, 2025, a mere 15 months into their relationship.

17. HSM later learned that Beasley engaged Brian Jungreis and Seros Partners to serve as both his on the court agent and marketing agent, the latter representing a clear and flagrant violation of the exclusivity provisions of the Marketing Agreement.

18. In the ensuing weeks following Beasley's termination, HSM made several attempts to collect the full amount of the Marketing Advance but received little more than drips and drabs of sporadic payments and vague promises to repay the balance over time.

19. Upon the failure of all good faith attempts to recover the full amount of the Marketing Advance from Beasley, HSM was left with no choice but to commence this action.

**FIRST CLAIM FOR RELIEF**

(Breach of Contract)

20. HSM repeats and realleges the allegations set forth in Paragraphs 1-19 of this Complaint as if fully set forth herein.

21. HSM duly fulfilled its obligations with respect to the Marketing Agreement,

except insofar as its performance may have been prevented or waived by Beasley.

22. Beasley has materially breached and defaulted on its obligations under the Marketing Agreement and has anticipatorily breached his continuing and future under the Agreement.

23. The total damages that HSM has suffered in proximate consequence are presently unknown to HSM, but are believed will exceed $1,000,000 at the time of the trial in this action.

## SECOND CLAIM FOR RELIEF

(Liquidated Damages)

24. HSM repeats and realleges the allegations set forth in Paragraphs 1-23 of this Complaint as if fully set forth herein.

25. Section 1 (a) of the Marketing Agreement states, in pertinent part as follows:

> Player acknowledges and accepts that if this Agreement is terminated for any reason prior to the expiration of the Initial Term (a "Termination Event") Player shall be required to pay the Marketing Agent liquidated damages in the amount of $1,000,000 (one million USD) (the "Liquidated Damages Amount") along with any marketing fees due and payable under this Agreement to the Marketing Agent within thirty (30) days of such Termination Event without reduction for any taxes withheld by the Marketing Agent upon its payment to Player of the Marketing Advance. The Parties agree that the Liquidated Damages Amount is fair and acceptable in light of the amount of the Marketing Advance and the risk assumed by Marketing Agent with respect to the Marketing Advance.

26. By reason of the foregoing, and in the event that the relief sought in the First Claim for Relief is deemed unavailable, HSM is entitled to recover liquidated damages in the sum of $1,000,000.00 with statutory interest running from thirty (30) days from the date the Agreement is deemed to have terminated together with any "Marketing Fees" (as defined in the Marketing Agreement) earned and unpaid as of that same date.

## THIRD CLAIM FOR RELIEF

(Legal Fees)

27. HSM repeats and realleges the allegations set forth in Paragraphs 1-26 of this Complaint as if fully set forth herein.

28. Paragraph 7 of the Agreement states, in pertinent part, as follows:

> Player shall indemnify, and hold Marketing Agent, and Marketing Agents representatives, employees, and partners harmless for any and all costs, expenses and damages (including reasonable attorney's fees) sustained by Marketing Agent as the result of any (i) breach or alleged breach of this Agreement by Player…

29. Beasley's breach of the Marketing Agreement has necessitated this action and Beasley is responsible for reimbursing any legal fees incurred by HSM which have accrued and will continue to accrue during the prosecution of this case.

30. By reason of the foregoing, HSM is entitled to a money judgment in an amount to be ascertained by the trier of fact, but which is believed will exceed $250,000.00.

WHEREFORE, it is respectfully requested that this Court enter Judgment in HSM's favor and against the Defendant Malik Beasley, as follows:

I. Upon the First Claim for Relief a money judgment in an amount to be ascertained by the trier of fact, but which is believed will exceed $1,000,000.00.

II. Upon the Seconds Claim for Relief, in the alternative, a money judgment awarding liquidated damages in the sum of $1,000,000 with statutory interest running from thirty (30) days from the date the Marketing Agreement is deemed to have terminated together with any Marketing Fees earned and unpaid as of that same date.

III. Upon the Fourth Claim for Relief, a money judgment in an amount to be ascertained by the trier of fact, but which is believed will exceed $250,000.00.

Dated. April 18, 2025

DANIEL MARCUS, ESQ.

By: *Daniel J. Marcus, Esq.*

Daniel Marcus, Esq. (5664164)
Attorney for Plaintiff
15 Stuyvesant Oval, 8C

New York, NY 10009  
Tel. 551-427-5069  
Email: dan@hlgesq.com